**No. 42359.**—Protests 682688–G, etc., of Guth Stern & Co., Inc. (New York).

Opinion by DALLINGER, J. In accordance with stipulation of counsel and on the authority of *Viking Trading Co.* v. *United States* (C. D. 132) hollow bottles, flacons, jars, and tooth-brush holders were held dutiable as hollow ware at 40 percent under paragraph 339 as claimed.

**No. 42360.**—Protest 570882–G of A. F. Cofod & Co. (New York).

Opinion by DALLINGER, J. In accordance with stipulation of counsel and on the authority of *Viking Trading Co.* v. *United States* (C. D. 132) the bottles in question were held dutiable at 40 percent under paragraph 339 as claimed.

**No. 42361.**—Protest 705230–G of Globe Import Co. (New York).

Opinion by DALLINGER, J. In accordance with stipulation of counsel flasks plated with silver were held dutiable as hollow ware at 50 percent under paragraph 339. *Viking Trading Co.* v. *United States* (C. D. 132) cited.

**No. 42362.**—Protests 939610–G, etc., of American Import Co. et al. (San Francisco).

Opinion by DALLINGER, J. Electrically constructed Christmas wreaths were held dutiable at 35 percent under paragraph 353 as claimed in accordance with stipulation of counsel. *Minami* v. *United States* (C. D. 72) followed.

**No. 42363.**—Protests 848492–G, etc., of N. Minami & Co., Inc. (Los Angeles).

Opinion by DALLINGER, J. Electrically constructed Christmas wreaths were held dutiable at 35 percent under paragraph 353 as claimed in accordance with stipulation of counsel. *Minami* v. *United States* (C. D. 72) followed.

**No. 42364.**—Protests 969015–G, etc., of Greenberg & Josefsberg (New York).

Opinion by DALLINGER, J. It was stipulated that the merchandise consists of thumbtacks similar to those the subject of Abstract 39029. The claim as tacks not specially provided for at nine-tenths of 1 cent per pound under paragraph 331 and T. D. 46051 was therefore sustained.